# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWTON MCKINNIES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00227-MTS |
| SHERIFF GARY STOLZER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on review of the file. On December 10, 2024, self-represented Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Doc. [1]. On January 03, 2025, the Court granted Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and directed him to pay his initial partial filing fee in the amount of $24.20 no later than Monday, February 17, 2025. Doc. [5]. The Court warned that the failure to do so would result in the dismissal of this action without further notice. *Id.*

On January 17, 2025, the Order the Court had addressed to Plaintiff at the Ste. Genevieve County Jail was returned to the Court marked "return to sender" and "unable to forward." Doc. [6]. The jail stamped the envelope with the notation that Plaintiff is no longer at the institution. *Id.*

Local Rule 2.06(B) states:

> Every self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number. If any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty

(30) days, the Court may, without further notice, dismiss the action without prejudice.

In this case, more than thirty days have passed since the mail was returned, and Plaintiff has not notified the Clerk of Court of any change of address. The Court therefore will dismiss this action. *See Martinez v. Union Pac. R. Co.*, 82 F.3d 223, 227 (8th Cir. 1996) (noting the Court of Appeals "has upheld strict compliance by trial courts with their local rules"). In addition, dismissal is warranted because Plaintiff has failed to pay the initial partial filing fee as the Court ordered. *See Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010) (per curiam) (affirming dismissal under Federal Rule of Civil Procedure 41(b) for failure to pay initial partial filing fee).[*]

For these reasons, the Court will enter an Order of Dismissal herewith dismissing this action without prejudice.

Dated this 24th day of February 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] Though Plaintiff did not receive the Court's Order requiring him to pay the initial partial filing fee, the Order was entered on the public docket. The fact that he did not receive the Order is of no moment since his failure to update his address caused the lack of notice. *See Gladney v. Wilson*, 1:18-cv-00123-LTS, 2020 WL 5441567, at *3 (N.D. Iowa Sept. 10, 2020) (noting plaintiff could not use his change of address "as an excuse for delay after failing to update that information"); *cf. Sanchez v. Holder*, 627 F.3d 226, 233 (6th Cir. 2010) (explaining that proceedings would not be reopened where litigant failed to receive a hearing notice because of the litigant's "own conduct made him or her unreachable").

2