UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWTON MCKINNIES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:24-cv-00227-MTS |
| | ) |
| SHERIFF GARY STOLZER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court upon review of the Complaint. *See* 28 U.S.C. § 1915A(a). For the reasons discussed below, the Court will dismiss this action because it fails to state a claim upon which relief may be granted. *Id.* § 1915A(b); *accord id.* § 1915(e)(2)(B)(ii).

## The Complaint

Self-represented Plaintiff Lawton McKinnies is being held at Ste. Genevieve County Jail. His Complaint does not indicate whether he is a pretrial detainee or a convicted prisoner serving a sentence at the county jail. Plaintiff filed this action on the Court's "Prisoner Civil Rights Complaint" form pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff names one Defendant, Sheriff Stolzer, who Plaintiff indicates is employed by Ste. Genevieve County. Within the form, Plaintiff checks the box that he is bringing his claims against Sheriff Stolzer in his official capacity only. *Id.* at 2.

In the section to state his claim, Plaintiff writes the following in its entirety:

> I been in Ste. Genevieve County Jail for about 4 month[s] now and I've been in multiple pods and all of them have came[r]as in the restroom areas. I asked

> them to remove them so we can use the restroom in peace and not have to worry [a]bout being watch[ed] or feel like we're being watched. People w[]ere watching me getting in and out of the shower and watching me use the restroom from 8-6-23 till now. They failed to correct the situation after the grievance was filed.

*Id.* at 3.

Plaintiff describes his injuries as "anxiety attacks" from the stress of being watched. *But see* 42 U.S.C. § 1997(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)"). For relief, Plaintiff seeks one million dollars in damages along with injunctive relief in the form of having the cameras removed or having him moved to another facility.

The Court previously dismissed this action pursuant to Local Rule 2.06(B) because correspondence sent to Plaintiff was returned to the Court by the United States Postal Service, and thirty days passed without notification of a change of address. Doc. [7].[1] The Court vacated the dismissal order after the Court learned that the mail returned as undeliverable was an error. Doc. [10]. Thus, this case will proceed to initial screening.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke*

---

[1] In addition, Court records at that time did not show that Plaintiff paid his initial partial filing fee as ordered by the Court. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has paid his initial partial filing fee.

*v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

The Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court will "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). That said, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff brings this action against Defendant Sheriff Stolzer in his official capacity only. *See* Doc. [1] at 2 (checking box for official capacity and leaving blank the box for individual capacity). Plaintiff's express designation that he sued the defendant in his official capacity "forecloses recovery of personal liability damages from the defendant[]" in his individual capacity. *Reynolds v. Cook*, No. 24-1618, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025) (unpublished per curiam) (distinguishing *S.A.A. v. Geisler*, 127 F.4th 1133 (8th Cir. 2025) (en banc) (eliminating the court's "clear statement rule" and replacing it with a test that examines the record for how the parties have proceeded to decide if an individual capacity claim had been pursued)).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). Here, Plaintiff does not allege that the municipality of Ste. Genevieve County had a policy or custom pertaining to the placement of cameras in the Jail. His action therefore necessarily fails.

Even if Plaintiff's Complaint could be interpreted as alleging that it was the policy or custom of Ste. Genevieve County to maintain surveillance in the restrooms of the jail, Plaintiff did not state enough facts to state a constitutional violation that is plausible on its face. He did not plead facts indicating whether he is a pretrial detainee or a convicted

prisoner serving a sentence in Ste. Genevieve County jail.[2]  If he is a pretrial detainee, he did not indicate whether the facilities at issue are exclusively used by pretrial detainees or whether convicted prisoners also use them.[3]  And he did not include sufficient factual allegations about the shower and bathroom facilities at issue.[4]  In sum, Plaintiff has not pleaded sufficient facts to show that it is plausible that the jail's use of cameras here was unreasonable under the circumstances.  *See Alicea v. County of Cook*, 88 F.4th 1209, 1217 (7th Cir. 2023) (declining to determine whether county's use of cameras in holding cells of pretrial detainees constituted a search because the use of the cameras was "reasonable under the circumstances").

\*     \*     \*

Plaintiff has not stated a claim against Sheriff Stolzer in his official capacity.  As a result, Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.  28 U.S.C. § 1915A(b); *id.* § 1915(e)(2)(B)(ii).

---

[2] *See, e.g.*, *United States v. Mitchell*, 652 F.3d 387, 421 (3d Cir. 2011) (en banc) (Rendell, J., dissenting) ("Because they have not been adjudged guilty of any crime or suffered any corresponding permanent change in their status, arrestees and pretrial detainees necessarily retain a greater expectation of privacy than convicts do.").  *But see, e.g.*, *United States v. Scott*, 450 F.3d 863, 878 (9th Cir. 2006) (Bybee, J., dissenting) ("[I]ndividuals confined in prison pending trial have no greater privacy rights than other prisoners.").

[3] *Cf. Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) (concluding "minimal intrusions" on convicted prisoners' privacy from surveillance cameras, even while showering or using the bathroom, were "outweighed by institutional concerns for safety"); *Garrett v. Thaler*, 560 Fed. App'x 375, 380–81 (5th Cir. 2014) (per curiam) (concluding prison's placement of video recording cameras in restrooms and showers did not violate convicted prisoner's minimal expectation of privacy).

[4] Plaintiff provided no facts that suggest the bathroom facilities at the jail are of such design that pretrial detainees would have a reasonable expectation of privacy while using them.  *Cf. Arnzen v. Palmer*, 713 F.3d 369, 372–73 (8th Cir. 2013) (suggesting pretrial detainees would have "a reasonable expectation of privacy in a single-person bathroom when there is no immediate indication that it is being used for purposes other than those ordinarily associated with bathroom facilities" but specifically distinguishing "single-person bathrooms" from "dormitory style restrooms" or cells).

Accordingly,

The Court will enter an Order of Dismissal herewith dismissing this action with prejudice.

Dated this 9th day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE